# United States District Court
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| VSP LABS, INC. | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:19-CV-1575-S |
| | § | |
| HILLAIR CAPITAL INVESTMENTS LP | § | |
| and HILLAIR CAPITAL | § | |
| MANAGEMENT LLC | § | |

## MEMORANDUM OPINION AND ORDER

This appeal covers complex litigation in two states, spanning seven years, in three courts with respect to five bankruptcy court orders. Although the history of this litigation is complicated, and the parties have asserted numerous arguments, resolution of the appeal turns on two key issues. First, did the Bankruptcy Court have jurisdiction to enter an order that precludes a non-debtor from asserting state law claims against another non-debtor? Second, did the Bankruptcy Court correctly interpret the language of its own order as precluding such state law claims? To resolve the second issue, the Court must determine the meaning of a 178-word sentence in that order.

## I.   INTRODUCTION

Pending before the Court is VSP Labs, Inc.'s ("VSP") appeal of the following five orders of the United States Bankruptcy Court for the Northern District of Texas:

(1)   Order Granting in Part Emergency Motion of Hillair Capital Investments LP and Hillair Capital Management LLC (collectively, "Hillair") for Order (I) Enforcing, and in Aid of, this Court's Prior Orders and (II) Granting Related Relief, entered on May 3, 2019 ("Enforcement Order");[1]

---

[1] Pursuant to a transfer order, the appeal of the Enforcement Order was transferred from the docket of Judge A. Joe Fish to the docket of this Court on July 3, 2019. Order of Transfer, *VSP Labs, Inc. v. Hillair Capital Invs. LP*, Civil Action No. 3:19-cv-1603-G (N.D. Tex. July 3, 2019), ECF No. 2. On September 20, 2019, this Court consolidated the appeals of the Enforcement Order, the Enforcement Reconsideration Order, and the Sanctions Order under the above-styled civil action number. Order, *VSP Labs, Inc. v. Hillair Capital Invs., LP*, Case No. 3:19-cv-1575-S (N.D. Tex. Sept. 20, 2019), ECF No. 4; Order, *VSP Labs, Inc. v. Hillair Capital Invs., LP*, Case No. 3:19-cv-1576-S (N.D. Tex. Sept. 20, 2019), ECF No. 3; Order, *VSP Labs, Inc. v. Hillair Capital Invs., LP*, Case No. 3:19-cv-1603-S (N.D. Tex. Sept. 20, 2019), ECF No. 4.

(2)     Order Denying Motion for Reconsideration of the Enforcement Order, entered on June 24, 2019 ("Enforcement Reconsideration Order");

(3)     Order Granting in Part Emergency Motion of Hillair Capital Investments LP and Hillair Capital Management LLC for Order (I) Enforcing this Court's May 2, 2019 Order, (II) Sanctioning VSP Labs, Inc. for Willfully Ignoring and Violating the Same and (III) Granting Related Relief, entered on June 24, 2019 ("Sanctions Order");

(4)     Order Denying VSP Labs, Inc.'s Motion for Relief from Automatic Stay Order Dated September 7, 2017, entered on October 8, 2019 ("Lift Stay Reconsideration Order");[2] and

(5)     Order Awarding Fees Pursuant to Sanctions Order, entered on December 12, 2019 ("Attorney's Fees Order").[3]

The Enforcement Order, Enforcement Reconsideration Order, Sanctions Order, Lift Stay Reconsideration Order, and Attorney's Fees Order shall be referred to collectively as the "Orders." After reviewing the briefs, the applicable law, and the relevant parts of the record, the Court **AFFIRMS** the Orders of the Bankruptcy Court.

## II.     BACKGROUND

### A.     *Breach of Contract Dispute Between VSP and Debtor*

On April 20, 2012, VSP and Pro Fit Optix, Inc. ("Debtor") entered into a $6 million, four-year Technology Transfer and Development Agreement ("Agreement") relating to Debtor's "ongoing development of eyewear measurement technology for VSP." Br. of Appellant 10. Under the Agreement, VSP had "step-in-rights" to "take over development at [Debtor's] expense if

---

[2] Pursuant to a transfer order, the appeal of the Lift Stay Reconsideration Order was transferred from the docket of Judge Sam A. Lindsay to the docket of this Court on October 31, 2019. Order, *VSP Labs, Inc. v. Hillair Capital Invs., LP*, Civil Action No. 3:19-cv-2525-L (N.D. Tex. Oct. 31, 2019), ECF No. 3. On November 4, 2019, this Court consolidated the appeal of the Lift Stay Reconsideration Order under the above-styled civil action number. Order, *VSP Labs, Inc. v. Hillair Capital Invs., LP*, Civil Action No. 3:19-cv-1575-S (N.D. Tex. Nov. 4, 2019), ECF No. 11.

[3] Pursuant to a transfer order, the appeal of the Attorney's Fees Order was transferred from the docket of Judge Ed Kinkeade to the docket of this Court on February 20, 2020. Electronic Order, *VSP Labs, Inc. v. Hillair Capital Invs., LP*, No. 3:20-cv-0047-K (N.D. Tex. Feb. 20, 2020), ECF No. 4. On February 25, 2020, this Court consolidated the appeal of the Attorney's Fees Order under the above-styled civil action number. Order, *VSP Labs, Inc. v. Hillair Capital Investments, LP*, Civil Action No. 3:19-cv-1575-S (N.D. Tex. Feb. 25, 2020), ECF No. 31.

[Debtor] could not meet its performance obligations."  App. in Supp. of Br. of Appellant 0643 [hereinafter "Appellant's App."].  According to VSP, Debtor was unable to fulfill its obligations under the Agreement and, in 2013, VSP hired third parties to fulfill Debtor's obligations. Br. of Appellant 10.  After Debtor refused to reimburse VSP for these expenses, VSP filed a lawsuit in 2013 against Debtor in the California Superior Court ("California Court") for breach of contract ("California Action").  *Id.* at 11; Appellant's App. 0425.  Debtor subsequently filed counterclaims[4] ("Counterclaims") against VSP alleging that VSP had breached the same Agreement.  Appellant's App. at 11-12.

### B.  *Debtor Files for Bankruptcy and Hillair Purchases Debtor's Counterclaims Against VSP*

Shortly before trial in early 2017, Debtor, and certain affiliates,[5] filed for bankruptcy, and the Bankruptcy Court stayed the California Action.  *Id.* at 12; Appellant's App. 0344; Br. of Appellee 10.  On May 5, 2017, the Bankruptcy Court entered an order, as part of the settlement of Debtor's estate, authorizing Hillair,[6] the estate's largest creditor, to purchase the Debtor's Counterclaims against VSP in the California Action.  Br. of Appellant 12; Br. of Appellees 9.  On June 20, 2017, Debtor and Hillair filed a motion to sever the Counterclaims from VSP's claims in the California Action and set only the Counterclaims for trial.[7]  *Id.*; Appellant's App. 0425-26.  In response, VSP filed a motion for relief from the automatic stay ("Lift Stay

---

[4] Appellant characterizes these claims as "cross-claims," Br. of Appellant 11, but Debtor correctly identifies these as counterclaims, Br. of Appellees 9.

[5] Any reference herein to "Debtors" refers to Debtor and its affiliates that filed for bankruptcy in the underlying bankruptcy case.

[6] Hillair has an extensive history with Debtors.  Hillair was the estate's largest creditor and its pre-petition and post-petition lender.  *See* Br. of Appellant 12; Br. of Appellees 9.

[7] The California Court eventually denied this motion because, according to VSP, "it would have created an unfair asymmetrical action against VSP" as the Bankruptcy Court had stayed VSP's claims in the California Action. Br. of Appellant 12; Appellant's App. 0344.

Motion") with the Bankruptcy Court seeking to lift the bankruptcy stay on the California Action.

Appellant's App. 0424-25.  VSP filed the Lift Stay Motion "to ensure its ability to set off any

damages [Debtor] might be awarded against VSP with any damages that VSP might be awarded

against [Debtor]."  Br. of Appellant 12.  Hillair subsequently filed a limited objection to the Lift

Stay  Motion  expressing  concern  about  the  wording  of  VSP's  proposed  order.

Appellant's App. 0503-05 ("VSP should make clear the relief sought.  If the Motion is granted,

the proposed order should clarify that the purpose of pursuing setoff and recoupment is to prove

its claim against the Debtors and not to seek recoveries from Hillair.  Even if recovery against

Hillair was not VSP's purpose in bringing the Motion, Hillair is concerned that the proposed order

as drafted may lend itself to such a construction by another court or otherwise.").  The Bankruptcy

Trustee ("Trustee") also filed an objection to the Lift Stay Motion for other reasons.[8]  *Id.* at 0509-

10.

On August 23, 2017, counsel for VSP, Hillair, the Trustee, and the committee of unsecured

creditors convened for a hearing on the Lift Stay Motion.  Tr. of Aug. 23, 2017 Hr'g.  During the

hearing, VSP's counsel represented to the Bankruptcy Court that:  (1) "all parties" agreed that the

California Action could proceed; (2) VSP and Hillair agreed that if VSP recovered a net amount

in the California Action, VSP would not seek to recover this amount from Hillair; and (3) VSP

and Hillair had agreed on the language of a proposed order to that effect.  *Id.* at 5:3-6:4.

---

[8] The Trustee argued that "[l]iquidating VSP's claim for damages in an out-of-state venue is a waste of judicial and estate resources, is prejudicial to the Trustee and other creditors, [and] would distract from the Trustee's most pressing concern, which is to devise a plan of reorganization if possible, or to convert to Chapter 7 if not." Appellant's App. 0510.  The Trustee participated in the hearing on August 23, 2017, and appears to have agreed to the entry of the Lift Stay Order after modifications were made to address the Trustee's concerns.  Tr. Aug. 23, 2017 Hr'g at 12:6-11.

The Trustee's counsel then asked the Bankruptcy Court to include additional language in its order to address the Trustee's concern on an issue not related to the instant appeal.[9] *Id.* at 12:12-14:1. As a result, the Bankruptcy Court directed VSP to consult with the Trustee and submit a proposed order with additional language that would address the concern. *Id.* at 16:21-18:17. VSP and the Trustee were not able to agree on the language of the order. Appellant's App. 0055. Accordingly, VSP and the Trustee each submitted their own proposed version of the order granting the Lift Stay Motion to the Bankruptcy Court. *Id.* Relevant to the instant appeal, both versions included the following language:

> without affecting VSP's right of setoff or recoupment in defense of claims in the California Action, no money damages or other amounts of any kind may be recovered from Hillair under any circumstance on account of any claims that have been or could have been asserted in the California Action.

*Id.* at 0055-56. On September 7, 2017, the Bankruptcy Court entered the Order Granting VSP Labs, Inc.'s Motion for Relief from Automatic Stay ("Lift Stay Order"), which included the above, agreed-upon language. *Id.* at 0056.

### C.     *VSP Attempts to Pursue State Law Claims Against Hillair, and the Bankruptcy Court Finds that Such Claims Are Prohibited by the Lift Stay Order*

In 2018, in the California Action, VSP sought discovery of information regarding Debtor's relationship with Hillair. Appellant's App. 0381. A dispute ensued, and VSP successfully obtained an order from the California Court requiring Debtor to comply with VSP's discovery requests. *Id.* Around this time, Hillair also complied with a subpoena issued in the California Action. *Id.* After reviewing the produced documents in 2019—nearly two years after the Lift Stay

---

[9] The Trustee articulated the following concern: "What we're concerned with is a different hypothetical than what was presented to the Court. So what if . . . Hillair's counterclaims are settled out, but VSP still maintains its affirmative claims against [Debtor], there is a potential there, because we are not there defending ourselves, that we're in . . . a default judgment situation where we're looking at . . . a proof of claim for a default judgment in an amount to be . . . determined solely by VSP. So with the addition of this language, it provides the Trustee and the estate some comfort that in a situation like that, a proof of claim for a default judgment doesn't have any preclusive effect in this case." Tr. Aug. 23, 2017 Hr'g at 12:22-13:8.

Order had been entered—VSP contends it discovered new facts giving rise to direct claims against Hillair for Hillair's own misconduct "in the context of its investments with [Debtor]." Br. of Appellant 14. According to VSP, during the course of its four-year Agreement with Debtor, Hillair provided Debtor with capital of approximately $10 million and instructed Debtor not to devote this money to fulfilling Debtor's contractual obligations to VSP. *Id.* at 14-15. Instead, Hillair allegedly directed Debtor to start a new company, "even though Hillair and [Debtor] knew that VSP was incurring millions of dollars in third-party expenses to develop the measurement technology that [Debtor] had promised to deliver." *Id.* at 15. Based on this new information, VSP sought leave to amend its complaint in the California Action to assert direct claims against Hillair. *Id.* at 16. In VSP's proposed Second Amended Complaint ("Second Amended Complaint") filed with the California Court, VSP asserted causes of action against Hillair for intentional interference with contractual relations, aiding and abetting fraudulent transfer, and unfair business practices. *Id.* at 17.

In response, Hillair filed an emergency motion with the Bankruptcy Court seeking to prohibit VSP from pursuing such claims against Hillair in the California Action. Appellant's App. 0139. Hillair sought relief on several grounds.[10] Relevant to the instant appeal, Hillair argued that the Lift Stay Order prohibited VSP from asserting claims against Hillair in the

---

[10] In addition to arguing that the Lift Stay Order precluded VSP's state law claims against Hillair, Hillair asserted two additional grounds for relief in its emergency motion. Appellant's App. 0140-63. In the Enforcement Order, the Bankruptcy Court did not address these two additional arguments. Enforcement Order, *In re PFO Global, Inc.,* Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. May 3, 2019), ECF No. 438. Appellee reasserts these arguments in its response brief submitted to this Court as an alternative basis for denying the instant appeal. Br. of Appellees 41-50. First, Hillair argues that three prior orders entered by the Bankruptcy Court prohibit third-party claims against Hillair, and Hillair's attempt to pursue its claims against Hillair amounts to a collateral attack on the prior orders. Appellant's App. at 0140-43. Second, Hillair asserts that VSP's allegations in the Second Amended Complaint closely mirrored allegations set forth in a complaint filed by the Trustee, which also alleged wrongdoing on the part of Hillair. *Id.* at 0149. Therefore, according to Hillair, the claims asserted by VSP in the Second Amended Complaint are derivative of the estate claims in the pending bankruptcy and cannot be prosecuted by VSP. *Id.* at 0150-52. Because the Court resolves the appeal on other grounds, the Court will not address these arguments. *See, e.g., Zhao v. Gonzales,* 404 F.3d 295, 310 n.17 (5th Cir. 2005) (declining to consider additional issues when appeal was resolved on other grounds).

6

California Action. *Id.* at 0163.

The Bankruptcy Court conducted a hearing on the motion on May 1, 2019, and entered the

Enforcement Order on May 3, 2019. Tr. May 1, 2019 Hr'g; Enforcement Order, *In re PFO Global,*

*Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. May 3, 2019), ECF No. 438. The Bankruptcy

Court granted in part Hillair's motion solely on the grounds that the language of the Lift Stay Order

prohibited VSP from pursuing claims against Hillair in the California Action.[11] Tr. May 1, 2019

Ruling at 3:2-6. The Bankruptcy Court stated:

> The [Lift Stay Order] entered by this Court with the consent of the parties prohibits
> the assertion of the claims proposed in the amended complaint against Hillair. The
> language of that order covers claims that have been or could have been asserted in
> the California action.

*Id.* Thus, the Bankruptcy Court specifically prohibited VSP from asserting the claims set forth in

the Second Amended Complaint against Hillair in the California Action. *See id.*

### D.   *VSP Continues Pursuing Its State Law Claims, and the Bankruptcy Court Awards Attorney's Fees to Hillair for VSP's Violation of the Lift Stay Order and the Enforcement Order*

The California Court subsequently ordered the parties to file the Enforcement Order and

submit a brief explaining how the outcome of the May 1, 2019 hearing impacted, if at all, VSP's

motion for leave to file the Second Amended Complaint. *See* Br. of Appellant 19. In VSP's brief

filed with the California Court ("Supplemental Brief"), VSP asserted that the Enforcement Order

was "void, unenforceable, and rife with error." Appellant's App. 0290. VSP also claimed that the

Bankruptcy Court lacked jurisdiction to bar VSP from "pursuing independent state law claims

based upon Hillair's own tortious misconduct," and that the Enforcement Order had "no bearing

---

[11] Later, in the Lift Stay Reconsideration Order, the Bankruptcy Court explained that it "did not rule on the effect of all of the orders discussed by Hillair" in its motion to enforce, but instead focused on the language in the Lift Stay Order, which the Bankruptcy Court "found to be pretty clear." Lift Stay Reconsideration Order, *In re PFO Global Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Oct. 8, 2019), 6-7, ECF No. 511.

on the proceedings before [the California Court]." *Id.*

In response, Hillair filed an emergency motion ("Sanctions Motion") with the Bankruptcy Court seeking to enforce the Enforcement Order and sanction VSP for allegedly engaging in "bad-faith conduct by seeking to end-run the Enforcement Order in California less than a week after its entry." *Id.* at 0280-83. The Bankruptcy Court held a hearing on the motion on June 11, 2019. Tr. of June 11, 2019 Hr'g. During the hearing, Hillair withdrew its request for monetary sanctions over and above attorney's fees and costs. *Id.* at 13:18-24.

Thereafter, the Bankruptcy Court entered the Sanctions Order finding that the Supplemental Brief violated the Stay Order and Enforcement Order, and that any subsequent action to bring claims against Hillair in the California Action would be a violation of both of these orders. Sanctions Order, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. June 24, 2019), 2, ECF No. 464. The Bankruptcy Court ordered VSP to pay Hillair's reasonable attorney's fees incurred in connection with the Sanctions Motion from May 9, 2019, through June 11, 2019. *Id.* The Bankruptcy Court further ordered Hillair's counsel to submit sworn declarations attaching their billing records for fees sought.[12] *Id.* at 3.

### E.    *The Bankruptcy Court Denies VSP's Enforcement Reconsideration Motion and Motion for Relief*

VSP filed a motion for reconsideration of the Enforcement Order on May 8, 2019 ("Enforcement Reconsideration Motion").    Appellant's App. at 0254.    In the Enforcement

---

[12] At the time Appellant filed its brief in the instant appeal, the Bankruptcy Court had not yet determined the amount of attorney's fees to be awarded to Hillair. *See* Br. of Appellee 1-2. Hillair subsequently filed a motion to dismiss with this Court with respect to the appeal of the Sanctions Order on the grounds that the Sanctions Order "did not reduce [Hillair's] award of attorney's fees to a sum certain, and [therefore,] it is not a final order." Order, *VSP Labs, Inc. v. Hillair Capital Invs., LP*, Civil Action No. 3:19-cv-1575-S (N.D. Tex. Feb. 24, 2020), ECF No. 30. However, shortly thereafter, the Bankruptcy Court entered the Attorney's Fees Order, which reduced the Sanctions Order to a sum certain. *Id.* For that reason, this Court denied the motion to dismiss the appeal of the Sanctions Order. *Id.* Thus, the Court will not address this argument in Hillair's response brief, which was filed prior to this Court's denial of the motion to dismiss, as the issue is moot.

Reconsideration Motion, VSP argued that:  (1) the Bankruptcy Court lacked subject matter jurisdiction to adjudicate VSP's state law claims against Hillair that arose from Hillair's own tortious conduct; (2) the Lift Stay Order never held that VSP could not assert claims directly against Hillair for its own misconduct; and (3) VSP's claims against Hillair did not belong to the Trustee.  *Id.* at 0263-0272.  During a hearing on June 7, 2019, the Bankruptcy Court denied the Enforcement Reconsideration Motion on the record, finding that:  (1) the Bankruptcy Court had jurisdiction to interpret and enforce its prior orders; (2) the language in the Lift Stay Order was agreed to by the parties, and any attempt to argue the meaning of the terms of the Lift Stay Order went beyond the proper scope of a motion for reconsideration; and (3) whether VSP's claims were direct or derivative was not relevant to the interpretation of the Lift Stay Order and went beyond the proper scope of a motion for reconsideration.  Tr. of June 7, 2019 Hr'g at 6:1-8:11.

On July 26, 2019, VSP filed a motion pursuant to Rules 60(b)(4) and 60(b)(6) of the Federal Rules of Civil Procedure for relief from the automatic stay, as interpreted by the Enforcement Order and Enforcement Reconsideration Order ("Motion for Relief").  Appellant's App. 0375. VSP asserted that the Bankruptcy Court lacked subject matter jurisdiction to enter the Lift Stay Order and, therefore, the Lift Stay Order should be declared void.  *Id.* at 0376, 0384.  Because VSP argued that the Lift Stay Order should be declared void, VSP asserted it should be granted relief under Rule 60(b)(4), which relieves a party from final judgment, order, or proceeding if the judgment is void.  *Id.*  VSP also asserted that the Enforcement Order deprived VSP of its ability to pursue legal recourse against Hillair and, therefore, VSP should be granted relief under Rule 60(b)(6), which provides the court with authority to vacate judgments to accomplish justice.  *Id.* at 0389.  In denying VSP's motion, the Bankruptcy Court explained that it had subject matter jurisdiction to enter the Lift Stay Order as interpreted because the causes of action that VSP

asserted against Hillair in the Second Amended Complaint were "related to" the bankruptcy case.
Lift Stay Reconsideration Order, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D.
Tex. Oct. 8, 2019), 3, ECF No. 511. The Bankruptcy Court also found that VSP did not present
the "kind of extraordinary circumstances that would justify relief under Rule 60(b)(6)." *Id.* at 13.

### F. *The Bankruptcy Court Calculates and Awards Attorney's Fees to Hillair*

On November 20, 2019, the Bankruptcy Court conducted a hearing to determine the
amount of attorney's fees to be awarded to Hillair pursuant to the Sanctions Motion and Sanctions
Order. Tr. of Nov. 20, 2019 Hr'g at 4:6-5:15. After reviewing the relevant billing records and
receiving testimony from the parties, the Bankruptcy Court found that the attorney's fees incurred
in connection with the Sanctions Motion were reasonable, necessary, and appropriate, and awarded
Hillair $49,075.30 in attorney's fees and costs. Attorney's Fees Order, Case No. 17-30355-HDH-
7 (Bankr. N.D. Tex. Dec. 12, 2019), 3, ECF No. 531.

### G. *VSP Appeals to the District Court*

Between June 2019 and December 2019, VSP filed three Notices of Appeal with regard to
the Orders.[13] On November 1, 2019, VSP filed its appellant's brief [ECF No. 9] and designated
the following issues for appeal:

1. Did the bankruptcy court err and exceed its jurisdiction when it adjudicated VSP Labs,
   Inc.'s ("VSP") California state law tort claims against third-party California entity
   Hillair Capital Investments LP and Hillair Capital Management LLC (together,
   "Hillair"), when such claims have no effect of any kind – actual or conceivable – on
   debtor Pro Fit Optix, Inc. ("PFO") or on the administration of PFO's bankruptcy estate?

2. Did the bankruptcy court err in ordering VSP to pay third-party Hillair's attorneys' fees
   that were incurred in connection with briefing the issues associated with the bankruptcy
   court's jurisdiction to adjudicate PFO's state law tort claims referenced above, either

---

[13] *See* Notice of Appeal, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. June 25, 2019), ECF
No. 465 (appealing the Enforcement Order, Enforcement Reconsideration Order, and Sanctions Order); Notice of
Appeal, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Oct. 21, 2019), ECF No. 514
(appealing the Lift Stay Reconsideration Order); Notice of Appeal, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-
7 (Bankr. N.D. Tex. Dec. 26, 2019), ECF No. 532 (appealing the Attorney's Fees Order).

because the bankruptcy court had no jurisdiction over these claims or because Hillair withdrew its request for sanctions?

Br. of Appellant 8.   After a series of consolidations, the appeal of each Order is now ripe and pending before this Court.   *See supra* Notes 1-3 and accompanying text.

### III.     LEGAL STANDARD

A district court has jurisdiction to hear appeals from "final judgments, orders, and decrees" of a bankruptcy court.   28 U.S.C.A. § 158(a)(1) (Westlaw through P.L. 116-52).   A bankruptcy court's "[f]indings of fact are reviewed for clear error, and conclusions of law are reviewed *de novo.*"   *Drive Fin. Servs., L.P. v. Jordan*, 521 F.3d 343, 346 (5th Cir. 2008) (citing Fed. R. Bankr. P. 8013).   A finding of fact is clearly erroneous when "the reviewing court upon examination of the entire evidence is left with the definite and firm conviction that a mistake has been committed." *Justiss Oil Co. v. Kerr-McGee Ref. Corp.*, 75 F.3d 1057, 1062 (5th Cir. 1996) (citing *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)).

### IV.     ANALYSIS

#### A.     *The Bankruptcy Court's Jurisdiction to Enter the Lift Stay Order*

VSP argues that the Bankruptcy Court did not have jurisdiction to enter the Lift Stay Order as interpreted to preclude non-debtor VSP from asserting state law claims against non-debtor Hillair that purportedly "do not relate to or have any conceivable effect on the bankruptcy estate." Reply Br. of Appellant 6.   The parties have not identified, and the Court's independent research has not revealed, a factually analogous case in the Fifth Circuit, or elsewhere, that addresses the precise issue presented in the instant appeal:   whether the Bankruptcy Court had jurisdiction to enter an order, negotiated and agreed to by the parties, that precludes a non-debtor from asserting state law claims against a non-debtor in another proceeding.

### (1)     *Standard of Review*

In this case, the key question is whether the Bankruptcy Court had jurisdiction to enter an order that precluded VSP from asserting state law claims against a non-debtor. *See* Appellant's Br. 6. A "bankruptcy court's jurisdiction is a legal question reviewed *de novo*." *Cole v. Nabors Corp. Servs., Inc. (In re CJ Holding Co.)*, 597 B.R. 597, 604 (S.D. Tex. 2019) (citing *Wells Fargo Bank, N.A. v. 804 Congress L.L.C. (In re 804 Congress, L.L.C.)*, 756 F.3d 368, 372-73 (5th Cir. 2014)). Because the Bankruptcy Court's jurisdiction is a legal question, the Court will conduct a *de novo* review.

### (2)     *The Bankruptcy Court's Jurisdiction*

"A bankruptcy court's jurisdiction is governed by 28 U.S.C. § 1334." *In re CJ Holding Co.*, 597 B.R. at 604. Under § 1334(a), a district court has jurisdiction over all cases under title 11. *Wood v. Wood (In re Wood)*, 825 F.2d 90, 92 (5th Cir. 1987). Under § 1334(b), a district court has jurisdiction over (1) civil proceedings "arising under" title 11, (2) civil proceedings "arising in" a case under title 11, and (3) civil proceedings "related to" a case under title 11. *Id.* (citing § 1334(b)). District courts may refer such proceedings to the bankruptcy judges in their district under 28 U.S.C. § 157(a). *Stern v. Marshall*, 564 U.S. 462, 473 (2011). Pursuant to § 157(a), bankruptcy judges "may hear and determine all cases under title 11 and all *core* proceedings arising under title 11, or arising in a case under title 11 . . . and may enter appropriate orders and judgments, subject to review under section 158 . . . ." 28 U.S.C.A. § 157(b)(1) (Westlaw through P.L. 116-52) (emphasis added). Thus, if a matter is not a case under title 11, a bankruptcy court's jurisdiction depends on whether a proceeding is "core" or "non-core." *See id.*

Core proceedings include, but are not limited to, the 16 different types of matters enumerated in § 157(b)(2). *Stern*, 564 U.S. at 474; § 157(b)(2).[14] If the proceeding is non-core, but is otherwise "related to" a case under title 11, the bankruptcy judge may "submit proposed findings of fact and conclusions of law to the district court." *Stern*, 564 U.S. at 473 (quoting § 157(c)(1)). If a proceeding contains a mixture of core and non-core matters, the court should divide the matters into their core and non-core components. *See Miller v. Boutwell, Owens & Co. (In re Guynes Printing Co. of Texas, Inc.)*, No. 15-cv-149-KC, 2015 WL 3824070, at *2 (W.D. Tex. June 19, 2015) (noting that if a case is a mixture of core and non-core proceedings, the bankruptcy court can only enter final judgment on the core proceedings); *see also Dunmore v. U.S.*, 358 F.3d 1107, 1114 (9th Cir. 2004) (citing *Halper v. Halper*, 164 F.3d 830, 839 (3d Cir. 1999)) ("When presented with a mixture of core and non-core claims, we must employ a claim-by-claim analysis to determine whether the bankruptcy court could enter a final order for that claim.").

"For the core matters, a bankruptcy judge can enter a final judgment. For the non-core proceedings, the bankruptcy court can handle all pretrial matters, and issue findings of fact and conclusions of law for any dispositive motions that the [district court] will then review *de novo*." *In re Guynes Printing Co. of Texas, Inc.*, 2015 WL 3824070, at *2 (citing § 157(c)(1)). However,

---

[14] Even when a bankruptcy court has statutory authority to enter final judgment in a core proceeding, the Supreme Court has held that there may still be constitutional limitations. *Stern*, 564 U.S. at 482, 503 (holding that although § 157(b)(2)(C) permits a bankruptcy court to enter final judgment on a state law counterclaim that is not resolved in the process of ruling on a creditor's proof of claim, Article III of the Constitution does not). However, because the Supreme Court's decision in *Stern* was narrow, the Court will not consider whether the instant appeal raises constitutional issues. *Tanguy v. West (In re Davis)*, 538 Fed. Appx. 440, 443 (5th Cir. 2013), *cert. denied sub nom. Tanguy v. West*, 571 U.S. 1163 (2014) ("[W]hile it is true that *Stern* invalidated 28 U.S.C. § 157(b)(2)(C) with respect to 'counterclaims by the estate against persons filing claims against the estate,' *Stern* expressly provided that its limited holding applies only in that 'one isolated respect.'") (citations omitted). Furthermore, even if the Court found that the instant appeal raised constitutional issues, the Court's holding would not change because the Supreme Court has held that *Stern* claims may be adjudicated by a bankruptcy court with the parties' consent, as the Court finds in the instant case. *Wellness Int'l Network, Ltd. v. Sharif*, 575 U.S. 665, ___, 135 S.Ct. 1932, 1938 (2015); *infra* Section IV(A)(2)(d).

if the parties consent, the bankruptcy court can adjudicate non-core proceedings. *Wellness Int'l Network, Ltd.*, 135 S.Ct. at 1940. The Court will consider each aspect of jurisdiction in turn.

### a.  *Did the Bankruptcy Court Have Jurisdiction Pursuant to § 1334(a) or § 1334(b)?*

In this case, VSP sought to assert California state law claims against Hillair for intentional interference with contractual relations, aiding and abetting fraudulent transfer, and unfair business practices. Br. of Appellant 17. Because these California state law claims were asserted by a non-debtor (VSP) against another non-debtor (Hillair) and, therefore, did not "arise under" title 11, the Bankruptcy Court did not have jurisdiction under § 1334(a) to preclude VSP from asserting these claims. § 1334(a) (Westlaw through P.L. 116-52). Thus, the Court must determine whether the proceeding at issue was a core proceeding "arising under title 11" or "arising in a case under title 11," or a non-core proceeding "related to a case under title 11." §§ 157(b)(1) and (c)(1).

### b.  *Was the Proceeding "Core" or "Non-core"?*

"[A] proceeding is core under section 157 if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *In re Wood*, 825 F.2d at 97. "Core proceedings include, but are not limited to . . . motions to terminate, annul, or modify the automatic stay." §§ 157(b)(2) and (b)(2)(G). "If the proceeding does not invoke a substantive right created by the federal bankruptcy law and is one that could exist outside of bankruptcy[,] it is not a core proceeding; it may be *related* to the bankruptcy because of its potential effect, but under section 157(c)(1), it is an 'otherwise related' or non-core proceeding." *In re Wood*, 825 F.2d at 97 (emphasis in original).

Here, the Bankruptcy Court found that because "[t]his matter arose in the context of a motion for relief from the automatic stay, . . . [the Bankruptcy Court] clearly had core jurisdiction pursuant to 28 U.S.C. § 157(b)(2)(G)." Lift Stay Reconsideration Order, *In re PFO Global, Inc.*,

Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Oct. 8, 2019), 2, ECF No. 511. Although a motion for relief from automatic stay is a core proceeding under § 157(b)(2)(G), the inquiry does not end there. The critical issue is whether the Bankruptcy Court had jurisdiction to enter such order with language that precluded VSP from asserting state law claims against Hillair in the California Action. *See In re Guynes Printing Co. of Texas, Inc.*, 2015 WL 3824070, at *2 (noting that when a case contains a "mixture of core and non-core matters," the bankruptcy court can only issue findings of fact and conclusions of law for the non-core proceedings); *see also Rinaldi v. HSBC Bank USA, N.A. (In re Rinaldi)*, 487 B.R. 516, 525 (Bankr. E.D. Wis. 2013) (citing, among other authorities, *Halper*, 164 F.3d at 839) ("When faced with a combination of core and non-core claims, 'the better approach in a mixed core and non-core proceeding is for the bankruptcy court to determine the extent of its jurisdiction with respect to each claim. It should then enter a final judgment with respect to only those claims that are truly core matters and should forward a report and recommendation to the district court on the non-core but 'related to' claims.'").

The Court finds that the Lift Stay Order contains a mixture of core and non-core matters. The modification of the automatic stay is core because "motions to terminate, annul, or modify the automatic stay" are core proceedings under § 157(b)(2)(G). § 157(b)(2)(G). However, the state law claims at issue are not core because they did not "arise in a bankruptcy case or under title 11." *See Stern*, 564 U.S. at 476. Indeed, if Debtor had not filed for bankruptcy, VSP could still assert its claims against Hillair in California state court, which makes it clear that such claims are not "core." *See In re Wood*, 825 F.2d at 97. Thus, the Bankruptcy Court was not acting pursuant to its jurisdictional authority under § 157(b)(1) when it entered the language at issue in the Lift Stay Order. *See Joyner v. S.F.L. & S.I.L., LLC*, 485 B.R. 538, 561 (W.D. La. 2013) (citing *Stern*, 564 U.S. 462) ("A Bankruptcy court lacks authority under Article III to enter a final judgment for

15

claims that arise under state law."). Accordingly, the Court must next determine whether the state law claims were "related to" the title 11 case such that the Bankruptcy Court had jurisdictional authority pursuant to § 157(c)(1) to enter the Lift Stay Order.[15]

### c.    Did the Bankruptcy Court Have "Related to" Jurisdiction Pursuant to § 157(c)(1)?

"Proceedings 'related to' the bankruptcy include . . . suits between third parties which have an effect on the bankruptcy estate." *Celotex Corp. v. Edwards*, 514 U.S. 300, 307 n.5 (1995) (citing 1 Collier on Bankruptcy ¶ 3.01[1][c][iv], p. 3-28 (15th ed. 1994)); *see also TMT Procurement Corp. v. Vantage Drilling Co. (In re TMT Procurement Corp.)*, 764 F.3d 512, 523 (5th Cir. 2014) (quoting *In re Wood*, 825 F.2d at 93) ("A matter is 'related to' the bankruptcy if 'the outcome of that proceeding could *conceivably* have any effect on the estate being administered in bankruptcy.'") (emphasis in original). "'Related to' jurisdiction has been defined quite broadly . . . [but] cannot be limitless." *U.S., Internal Revenue Serv. v. Prescription Home Health Care, Inc. (In re Prescription Home Health Care, Inc.)*, 316 F.3d 542, 547 (5th Cir. 2002) (citing *Celotex Corp.*, 514 U.S. at 308). "For jurisdiction to attach, the anticipated outcome of the action must both (1) alter the rights, obligations, and choices of action of the debtor, and (2) have an effect on the administration of the estate." *Bass v. Denney (In re Bass)*, 171 F.3d 1016, 1022 (5th Cir. 1999). "It is well-established that, to be 'related to' a bankruptcy, it is not necessary for the proceeding to be against the debtor or the debtor's property." *In re Prescription Home Health Care, Inc.*, 316 F.3d at 547 (citing *Celotex Corp.*, 514 U.S. at 308).

In the Lift Stay Reconsideration Order, the Bankruptcy Court determined it had "related to" jurisdiction because it found that "the outcome of VSP's causes of action against Hillair in the

---

[15] In the alternative, the Court finds that the Bankruptcy Court acted pursuant to a core proceeding when entering the Lift Stay Order because it was an order modifying the automatic stay, which is a core proceeding under § 157(b)(2)(G). § 157(b)(2)(G).

Second Amended Complaint could conceivably have an effect on the Debtor's estate being administered in bankruptcy." Lift Stay Reconsideration Order, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Oct. 8, 2019), 11, ECF No. 511. Specifically, the Bankruptcy Court found that if Hillair "is found to be independently liable for some portion of the damages that are the subject of the Second Amended Complaint, it could reduce the amount of damages that the Debtor could be found liable for." *Id.* at 12 (citing, among other authorities, *Randall & Blake, Inc. v. Evans (In re Canion)*, 196 F.3d 579 (5th Cir. 1999)) (noting that courts have found that "related to" jurisdiction exists in similar circumstances). The Bankruptcy Court also found that if Hillair "is somehow found jointly liable for damages to VSP, it could result in a contribution claim between Hillair and the Debtor, which could be complicated by VSP's intention to assert rights to setoff and recoupment against the Debtor's Counterclaims that have been sold to Hillair." *Id.*

The Court agrees with the Bankruptcy Court's findings. While it is possible that VSP's claims against Hillair would not impact the bankruptcy estate, "jurisdiction will attach on finding of any *conceivable* effect" on the bankruptcy estate. *In re Canion*, 196 F.3d at 586-87 (emphasis in original); *In re Wood*, 825 F.2d at 93 ("Although we acknowledge the possibility that this suit may ultimately have no effect on the bankruptcy, we cannot conclude, on the facts before us, that it will have no *conceivable* effect.") (emphasis in original). As the Bankruptcy Court noted, the California Action presents an "interconnected web of interests," and it is indeed conceivable that VSP's claims against Hillair could have an effect on the Debtor's estate. Lift Stay Reconsideration Order, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Oct. 8, 2019), 11, ECF No. 511. In fact, each claim asserted against Hillair in the Second Amended Complaint is clearly intertwined with the Debtor's alleged misconduct. *See* Appellant's App. 0240 (Fifth Cause

of Action for Intentional Interference with Contractual Relations (asserted against Hillair):
"Hillair's intentional acts caused [Debtor's] breach of the Agreement . . . ."); *id.* 0240-41 (Sixth
Cause of Action for Aiding and Abetting Fraudulent Transfer (asserted against Hillair): "Hillair
substantially encouraged and assisted [Debtor] in filing for bankruptcy and selling its claims
against VSP to Hillair in order for [Debtor] to escape any liability owed to VSP and to wrongfully
preclude VSP's recovery of any damages against [Debtor] in this lawsuit."); *id.* at 0241 (Seventh
Cause of Action for Unfair Business Practices (asserted against Debtor and Hillair): "[Debtor]
and Hillair engaged in unfair competition . . . in that they used unfair, unlawful, and/or fraudulent
business practices . . . ."). For these reasons, the Court finds that the Bankruptcy Court had non-
core, but otherwise "related to," jurisdiction over the state law claims asserted against Hillair in
the Second Amended Complaint.

A bankruptcy judge's jurisdiction, however, over non-core proceedings that are otherwise
"related to" a case under title 11 is limited. *Stern*, 564 U.S. at 473. As discussed above, "[a]bsent
consent, bankruptcy courts in non-core proceedings may only 'submit proposed findings of fact
and conclusions of law,' which the district courts review *de novo*." *Wellness Int'l Network, Ltd.*,
135 S.Ct. at 1940 (quoting § 157(c)(1)). Thus, the Bankruptcy Court's authority to enter the Lift
Stay Order turns on whether the parties consented. *Id.* at 1947.

### d.    *Did the Parties Consent to the Entry of the Lift Stay Order?*

In a non-core proceeding, a bankruptcy court's authority is limited to submitting proposed
findings of fact and conclusions of law to the district court for review, unless the parties consent,
as summarized by the Supreme Court in *Wellness Int'l Network, Ltd.*:

> Congress gave bankruptcy courts the power to "hear and determine" core
> proceedings and to "enter appropriate orders and judgments," subject to appellate
> review by the district court. § 157(b)(1); *see* § 158. But it gave bankruptcy courts
> more limited authority in non-core proceedings: They may "hear and determine"
> such proceedings, and "enter appropriate orders and judgments," only "with

consent of all the parties to the proceeding." § 157(c)(2). Absent consent, bankruptcy courts in non-core proceedings may only "submit proposed findings of fact and conclusions of law," which the district courts review *de novo*. § 157(c)(1).

*Id.* at 1940. "[A] litigant's consent—whether express or implied—must still be knowing and voluntary." *Id.* at 1948. "[T]he key inquiry is whether 'the litigant or counsel was made aware of the need for consent and the right to refuse it . . . .'" *Id.* (citing *Roell v. Withrow*, 538 U.S. 580, 590 (2003)).

Here, the Bankruptcy Court found that the parties expressly agreed and therefore consented to the language of the Lift Stay Order. Appellant's App. 0416-17. It is undisputed that the parties consented to the entry of the Lift Stay Order.[16] The Bankruptcy Court specifically found the following:

> [T]he Court notes that VSP consented to this Court's determination in the matter disposed of in the [Lift Stay Order] by seeking relief from the stay and by expressly agreeing to the terms contained in that order. That order was an agreed order between VSP and Hillair, and was submitted to the Court for approval. . . . The Court did not choose the specific language of that order; the parties negotiated and agreed to that language, and the Court approved it.

*Id.*

Furthermore, the transcript of the August 23, 2017 hearing on the Lift Stay Motion confirms that the parties negotiated the language of the Lift Stay Order and expressly consented to

---

[16] Although VSP does not dispute that it agreed to the language in the Lift Stay Order, VSP asserts that it did not agree to waive its state law claims against Hillair because at the time the Lift Stay Order was entered, Hillair did not yet know of the facts giving rise to such claims. *See* Br. of Appellant 14. However, in the context of a bargained-for exchange, it is not uncommon for a party to waive potential future claims, whether known or unknown. *See, e.g., Keck, Mahin & Cate v. Nat'l Union Fire Ins. Co of Pittsburgh*, 20 S.W.3d 692, 698 (Tex. 2000) (citations omitted) ("Although releases often consider claims existing at the time of execution, a valid release may encompass unknown claims and damages that develop in the future."). Courts have upheld settlement agreements containing similar language releasing future claims. *See, e.g., CIC Property Owners v. Marsh USA Inc.*, 460 F.3d 670, 671, 673 (5th Cir. 2006) (holding settlement agreement releasing known and unknown claims "that have been or could have been brought" was enforceable when parties were represented by counsel, and precluded claim brought by plaintiff after settlement agreement was executed). Moreover, the issue here is not whether VSP consented to the potential future consequences of entering the Lift Stay Order, but whether VSP consented to the entry of the Lift Stay Order. *See Wellness Int'l Network, Ltd.*, 135 S.Ct. at 1940 (citing § 157(c)(2)) (finding that bankruptcy courts can "enter appropriate orders and judgments" in non-core proceedings with the parties' consent). It is clear that VSP consented to the entry of the Lift Stay Order. *See, e.g.*, Tr. of Aug. 23, 2017 Hr'g at 5:24-6:4.

19

its entry by the Bankruptcy Court. Tr. of Aug. 23, 2017 Hr'g. at 5:3-6 (Counsel for VSP, stating, "I think all parties are in agreement that the California action can proceed…"); *id.* at 5:24-6:1 (Counsel for VSP, stating, "With respect to the limited objection filed by Hillair, we have exchanged and agreed on some proposed language in the form of an order."); *id.* at 14:8-13 (Counsel for Hillair, stating, "[W]e have mutually agreed that the other side could pursue its claims and set up rights and recoupment rights . . . and we have a form of agreed order . . . ."); *id.* at 12:6-8 (Counsel for Trustee, referring to the proposed order "that has been agreed to by VSP and Hillair").

The Court finds that the parties expressly consented, and that such consent was knowing and voluntary. Even if the Court did not find express consent (which it does), the Court also finds implied consent because VSP (1) requested that the automatic stay be lifted, participated in the automatic stay proceedings, did not object to or oppose the entry of the Lift Stay Order, and continued to seek relief from the Bankruptcy Court by filing a Rule 12(b)(6) motion; (2) was represented by experienced and sophisticated bankruptcy counsel; and (3) negotiated and jointly proposed the very language at issue in the Lift Stay Order and requested the Bankruptcy Court to include such language in the Lift Stay Order. *See, e.g., Saenz v. Gomez (In re Saenz)*, 899 F.3d 384, 390-91 (5th Cir. 2018) (finding implied consent when, among other factors, appellant was represented by experienced bankruptcy counsel and sought affirmative relief by filing Rule 12(b)(6) motions); *In re Mosher*, 578 B.R. 765, 771 (Bankr. S.D. Tex. 2017) (finding implied consent when parties participated in automatic stay proceedings and did not object to bankruptcy court's authority to enter final order to lift the automatic stay). For these reasons, the Court finds that the parties knowingly and voluntarily consented to the entry of the Lift Stay Order, and, accordingly, the Bankruptcy Court had jurisdiction to enter the Lift Stay Order.

**B.**     *The Bankruptcy Court's Interpretation of the Lift Stay Order*

VSP argues that the Bankruptcy Court erroneously held that the language of the Lift Stay Order barred VSP from asserting direct claims against Hillair in the California Action. Br. of Appellant 14.  To resolve this issue, the Court must first identify the correct standard of review, which the parties dispute.

**(1)     *Standard of Review***

VSP argues that a bankruptcy court's interpretation of its own orders regarding purely legal issues are reviewed *de novo, id.* at 9, while Hillair argues that a bankruptcy court's interpretation of its own orders is entitled to substantial deference and is reviewed for an abuse of discretion, Br. of Appellee 4.  When litigants dispute whether the standard of review with respect to a bankruptcy court's interpretation of its own orders is *de novo* or substantial deference, the Fifth Circuit has set forth the "proper reconciliation of these two positions." *New Nat'l Gypsum Co. v. Nat'l Gypsum Co. Settlement Trust (In re Nat'l Gypsum Co.)*, 219 F.3d 478, 484 (5th Cir. 2000).  The district court reviews any legal issues *de novo*, but defers to the bankruptcy court's reasonable resolution of any ambiguities in its own orders.  *See id.*; *Morrison v. Brousseau*, 377 B.R. 815, 821 (E.D. Tex. 2007).  However, because textual interpretation of a court order is ultimately a legal question, an order "must truly be ambiguous . . . even in light of other documents in the record" before deferring to the bankruptcy court's interpretation of that order.  *In re Nat'l Gypsum Co.*, 219 F.3d 478 at 484.  Because the Court finds that the language of the Lift Stay Order is unambiguous, the Court will conduct a *de novo* review.

**(2)     *Interpretation of the Lift Stay Order***

The Court is asked to determine whether the Bankruptcy Court properly concluded that the below paragraph from the Lift Stay Order ("Paragraph") prohibits VSP from asserting direct claims against Hillair in the California Action:

> ORDERED, ADJUDGED, AND DECREED, that the Motion for Relief From Automatic Stay filed by VSP Labs, Inc., is GRANTED with conditions. The automatic stay is modified in the above-styled case so that VSP Labs, Inc. may liquidate the amount of its affirmative claims against Pro Fit Optix, Inc. ("PFO") for the purpose of asserting its rights to setoff and recoupment in Case No. 34-2013-00153788, pending in the Superior Court of California, in and for the County of Sacramento, styled *VSP Labs, Inc. v. Pro Fit Optix, et al.* (the "California Action["]); provided, however, that to the extent monetary damages are awarded to VSP Labs, Inc. in excess of any monetary damages awarded to Hillair Capital Investments LP or Hillair Capital Management LLC ("Hillair"), or PFO in the California Action, the excess amount may only be enforced through a proof of claim filed in the above-styled and –numbered case, and, without affecting VSP's rights of setoff or recoupment in defense of claims in the California Action, no money damages or other amounts of any kind may be recovered from Hillair under any circumstance on account of any claims that have been or could have been asserted in the California Action[.]

Lift Stay Order, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Sept. 7, 2017), 1, ECF No. 273. To interpret the Paragraph, the Court will apply traditional rules of contract interpretation. *Bourbon Saloon, Inc. v. Absinthe Bar, L.L.C. (In re Bourbon Saloon, Inc.)*, 647 Fed.Appx. 342, 348 (5th Cir. Apr. 28, 2016) (applying general principles of contract interpretation to determine meaning of an agreed order); *Consumer Protection Financial Bureau v. Klopp*, 957 F.3d 454, 462-63 (4th Cir. 2020) (applying traditional rules of contract interpretation to determine meaning of a negotiated court order).

The beginning of the second sentence indicates that the automatic stay is modified so that Debtor may assert its rights to setoff and recoupment in the California Action. Lift Stay Order, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Sept. 7, 2017), 1, ECF No. 273. ("The automatic stay is modified . . . so that [VSP] . . . may liquidate the amount of its affirmative claims against . . . [Debtor] . . . for the purpose of asserting its rights to setoff and recoupment . . . ."").

Immediately after the semi-colon, the sentence contains a proviso ("provided, however, that to the extent . . . ."). *Id.* at 2. This is critical to the interpretation of the sentence because the proviso places conditions on the preceding text (i.e. modifying the automatic stay). *Id.* As courts

have noted, a proviso places a condition on the text that precedes the proviso. *See, e.g.,*
*Chesapeake Energy Corp. v. Bank of New York Mellon Trust Co.*, 773 F.3d 110, 115 (2d Cir. 2014)
(noting that a proviso introduces a condition that narrows the broader initial proposition); *see also*
A. Scalia & B. Garner, Reading Law: The Interpretation of Legal Texts 154 (2012) (explaining
the "proviso canon" and noting that a proviso is a clause that introduces a condition by the word
"provided" and "modifies the immediately preceding language").

Here, the proviso sets forth two conditions for lifting the automatic stay. Lift Stay Order,
*In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. Sept. 7, 2017), 2, ECF
No. 273. First, if VSP is awarded monetary damages in excess of any monetary damages awarded
to Hillair or Debtor in the California Action, the excess amount may only be enforced through a
proof of claim with the Bankruptcy Court. *Id.* ("provided, however, that to the extent monetary
damages are awarded to [VSP] . . . in excess of any monetary damages awarded to [Hillair] . . . or
[Debtor] . . . the excess amount may only be enforced through a proof of claim . . . ."). Second,
money damages may not be recovered from Hillair in the California Action. *Id.* ("provided,
however, that . . . no money damages or other amounts of any kind may be recovered from Hillair
under any circumstance on account of any claims that have been or could have been asserted in
the California Action"). *Id.*

The Court's conclusion as to the effect of the proviso is consistent with the first sentence
of the Paragraph, which indicates that the lift of the automatic stay is subject to conditions. *Id.* at 1
("ORDERED, ADJUDGED, AND DECREED, that the Motion for Relief From Automatic Stay
filed by VSP Labs, Inc., is GRANTED *with conditions*.") (emphasis added).

After reviewing the plain language of the Lift Stay Order, applying the relevant canon of
interpretation, and considering the impact of the proviso on the overall meaning of the Paragraph,

the Court finds that the Lift Stay Order is unambiguous. Because the lift of the automatic stay is subject to the condition that VSP cannot recover money damages from Hillair "under any circumstance on account of any claims that have been or could have been asserted," VSP is precluded from asserting direct claims against Hillair in the California Action. *Id.* at 2.

VSP argues that given the procedural posture of the case at the time the Lift Stay Order was entered, the language was only intended to cover claims related to Debtor's wrongdoing. Appellant's Br. 14. However, because the Court finds that the language of the Lift Stay Order is unambiguous, the Court will not consider extrinsic evidence. *See, e.g.*, *Dean v. City of Shreveport*, 438 F.3d 448, 460-61 (5th Cir. 2006) (noting that under general principles of contract interpretation, extrinsic evidence is not considered unless the document is ambiguous).

Moreover, even if the Court found that the Lift Stay Order was ambiguous (which it does not), the Court would defer to the Bankruptcy Court's interpretation under the applicable standard of review. *In re Nat'l Gypsum Co.*, 219 F.3d 478 at 484. Thus, the result would be the same. For the foregoing reasons, the Court affirms the Enforcement Order.

### C.     *Enforcement Reconsideration Order*

VSP also appeals the Enforcement Reconsideration Order. The Court reviews the denial of a motion for reconsideration for an abuse of discretion. *Life Partners Creditors' Trust v. Cowley (In re Life Partners Holdings, Inc.)*, 926 F.3d 103, 128 (5th Cir. 2019) (citing *ICEE Distribs., Inc. v. J&J Snack Foods Corp.*, 445 F.3d 841, 847 (5th Cir. 2006)). For the reasons stated in Sections IV(A)-(B), *supra*, and in the June 7, 2019 transcript of the hearing on this matter, the Court finds no abuse of discretion. Tr. of June 7, 2019 Hr'g. To the extent VSP contests the Bankruptcy Court's legal conclusions that underlie its decision to deny the Enforcement Reconsideration Motion, the Court has conducted a *de novo* review of the relevant conclusions and affirms the Bankruptcy Court's legal conclusions for the reasons stated herein and in the record in this case.

### D. *Sanctions Order and Attorney's Fees Order*

VSP also appeals the Sanctions Order and Attorney's Fees Order. VSP appealed the Attorney's Fees Order after submitting its brief to this Court and, as explained above, the Court consolidated that appeal under the above-styled civil action number. *See supra* Note 3 and accompanying text. However, VSP did not provide any separate or supplemental briefing in support of its appeal of the Attorney's Fees Order. Issues raised on appeal, but not briefed, are waived. *See Patterson v. Mobil Oil Corp.*, 335 F.3d 476, 483 n.5 (5th Cir. 2003) (citation omitted). Nevertheless, the Court will consider the appeal of the Attorney's Fees Order given that it relates to the Sanctions Order, which was briefed.

### (1) *Standard of Review*

The Court reviews a bankruptcy court's imposition of sanctions and award of attorney's fees for an abuse of discretion. *Cadle Co. v. Pratt (In re Pratt)*, 524 F.3d 580, 584 (5th Cir. 2008) (citing *Coie v. Sadkin (In re Sadkin)*), 36 F.3d 473, 475 (5th Cir. 1994) & *In re Cahill*, 428 F.3d 536, 539 (5th Cir. 2005)). "A bankruptcy court abuses its discretion when it '(1) applies an improper legal standard or follows improper procedures in calculating the fee award or (2) rests its decision on findings of fact that are clearly erroneous.'" *Gassaway v. TMGN 121, LLC*, No. 5:19-cv-082-H, 2020 WL 789199, at \*6 (N.D. Tex. Feb. 18, 2020) (citing *Caplin & Drysdale Chartered v. Babcock & Wilcox Co. (In re Babcock & Wilcox Co.)*, 526 F.3d 824, 826 (5th Cir. 2008)).

### (2) *Sanctions Order*

Bankruptcy courts may award attorney's fees pursuant to statute or pursuant to their inherent authority. 11 U.S.C. § 105(a) provides as follows:

> The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provision of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court

from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

(Westlaw through P.L. 116-58). Under this section, "a court can issue *any judgment* necessary or appropriate to carry out the requirements of the code." *In re Rodriquez*, 517 B.R. 724, 729 (Bankr. S.D. Tex. 2014) (emphasis added). "Any judgment would include any remedy available in a private cause of action, including attorney's fees." *Id.* A bankruptcy court may impose attorney's fees without finding bad faith. *Id.* at 729-30 (noting that a court does not need to make a finding of bad faith to award attorney's fees and finding that compensating attorney's fees is an appropriate remedy when a party violates a court order).

Courts may also impose sanctions pursuant to their inherent authority. *See Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 292 (5th Cir. 1997). The inherent power of the court to sanction conduct applies to bankruptcy courts. *Schermerhorn v. Kubbernus (In re Skyport Glob. Commc'n, Inc.)*, 642 F. App'x. 301, 303 (5th Cir. 2016) (citing *Citizens Bank & Tr Co. v. Case (In re Case)*, 937 F.2d 1014, 1023 (5th Cir. 1991)). Although bankruptcy courts must make a finding of bad faith to impose sanctions pursuant to their inherent authority, bad faith may be inferred. *In re Keating*, Civ. A. No. 6:16-mc-00005, 2016 WL 8808668, *6 (W.D. La. Nov. 16, 2016) (noting that it is unnecessary for a court to make a specific finding of bad faith when bad faith may be inferred from the record).[17]

Here, VSP argues that the Sanctions Order should be reversed because (1) the Bankruptcy Court lacked jurisdiction to adjudicate VSP's state law claims against Hillair; (2) Hillair voluntarily withdrew its request for sanctions during the June 11, 2019 hearing on Hillair's

---

[17] *See also In re Skyport Glob. Commc'n, Inc.*, 642 F. App'x 301 at 303-04 (finding that appellant's argument that bankruptcy court erred by failing to make specific findings of bad faith was without merit because the bankruptcy court found that appellant violated a court order and the bankruptcy code, which was sufficient to support a finding of bad faith).

Enforcement Motion; and (3) the Bankruptcy Court did not make a specific finding of bad faith. Br. of Appellant 31-32; Reply Br. of Appellant 26-27.

The Court disagrees. As stated herein, the Court finds that the Bankruptcy Court had jurisdiction to enter the Lift Stay Order as interpreted. *Supra*, Section IV(A). And, although it is undisputed that Hillair withdrew its request for sanctions "over and above" attorney's fees and costs, Hillair did not withdraw its request for reimbursement of attorney's fees and costs incurred in connection with the Sanctions Motion. Tr. of June 11, 2019 Hr'g at 13:18-21 ("[W]e're going to back off our request for any monetary sanction *over and above* an award of fees and costs incurred by Hillair in conjunction with bringing this proceeding . . . .") (emphasis added).

Finally, a bankruptcy court is not required to make a specific finding of bad faith to order the payment of reasonable attorney's fees when it finds a violation of a court order. *In re Rodriquez*, 517 B.R. at 729.

In its Sanctions Order, the Bankruptcy Court ruled:

[U]pon the arguments and representations of counsel at the hearing . . . and after due deliberation and sufficient cause appearing therefor, the Court finds as follows:

A.    VSP's Supplemental Brief was a violation of the [Lift Stay Order].

B.    VSP's Supplemental Brief was a violation of the [Enforcement Order].

C.    Any subsequent actions by VSP to bring claims against Hillair in the case styled *VSP Labs, Inc. v. Pro Fit Optix, Inc., et al.*, Case No. 34-2013-00153788, pending in the Superior Court of the State of California, County of Sacramento, as described in the [Lift] Stay Order, would be a violation of the [Lift] Stay Order and the Enforcement Order.

Sanctions Order, *In re PFO Global, Inc.*, Case No. 17-30355-HDH-7 (Bankr. N.D. Tex. June 24, 2019), 2, ECF No. 464. Based on these findings, the Bankruptcy Court ordered VSP to pay Hillair's reasonable attorney's fees incurred in connection with the Sanctions Motion. *Id.* at 3.

Under § 105(a), the Bankruptcy Court had authority to award attorney's fees without making a finding of bad faith. *In re Rodriquez*, 517 B.R. at 729 (finding that court orders may not be violated without recourse and awarding attorney's fees is an appropriate remedy). For these reasons, the Court finds that the Bankruptcy Court did not abuse its discretion by entering the Sanctions Order and awarding reasonable attorney's fees to Hillair.[18] To the extent VSP contests the Bankruptcy Court's legal conclusions that underlie its decision to enter the Sanctions Order, the Court has conducted a *de novo* review of the relevant conclusions and affirms the Bankruptcy Court's legal conclusions for the reasons stated herein and in the record in this case.

### (3)    *Attorney's Fees Order*

"In this circuit, courts apply a two-step method for determining a reasonable attorney's fee award." *MetroPCS v. Thomas*, No. 3:18-mc-0037-S, 2020 WL 1666538, at *2 (N.D. Tex. Apr. 3, 2020) (quoting *Combs v. City of Huntington*, 829 F.3d 388, 391 (5th Cir. 2016)). First, the court must calculate the lodestar. *Id.* (quoting *Jimenez v. Wood Cty.*, 621 F.3d 372, 379 (5th Cir. 2010)). Second, "[a]fter calculating the lodestar, the court can adjust the lodestar amount based on the twelve factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974) . . . ." *Id.*, 2020 WL 1666538, at *3 (citation omitted). The Court will consider each step in turn.

### a.    *Lodestar Calculation*

The lodestar "is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.*, 2020 WL 1666538, at *2 (citing *Jimenez*, 621 F.3d at 379) (internal quotation marks omitted). "While 'the reasonable hourly rate

---

[18] Alternatively, the Bankruptcy Court's finding that VSP violated two of its court orders sufficiently supports an inference of bad-faith conduct. *In re Skyport Glob. Commc'n, Inc.*, 642 F. App'x at 303-04. Bankruptcy courts may impose attorney's fees pursuant to their inherent authority when bad-faith conduct is inferred. *Id.; In re Keating*, 2016 WL 8808668, *6.

for a community is established through affidavits of other attorneys practicing there,' the '[c]ourt . . . may use its own expertise and judgment to make an appropriate independent assessment of the hourly rates charged for the attorneys' services.'" *Id.* (quoting *Dartson v. Villa*, No. 3:17-cv-569-M, 2018 WL 4002474, at *2 (N.D. Tex. Aug 22, 2018)).

Here, the Bankruptcy Court conducted an extensive hearing in which the relevant billing records were admitted into evidence and the lawyers who oversaw billing on the matter were questioned under oath with respect to their expertise, experience, billing rates, and hours spent. Tr. of Nov. 20, 2019 Hr'g. Based on the record, the Court finds that the Bankruptcy Court did not abuse its discretion in finding that the lawyers' billing rates and the time spent on the matter were reasonable.

### b.   Johnson *Factors*

In *Johnson*, the Fifth Circuit set forth twelve factors that the court can use to adjust the lodestar amount. *Metro PCS*, 2020 WL 1666538, at *3. The court must "provide a concise but clear explanation of its reasons for the fee award." *Id.* (quoting *Hensley v. Eckerhart*, 461 U.S. 424, 437 (1983)). However, the court's findings "need not be 'excruciatingly explicit in this area,' and the court commits no error by 'omit[ting] discussion of one of the *Johnson* factors so long as the record clearly indicates that the . . . court has utilized the *Johnson* framework as the basis of its analysis.'" *Id.* (citing *FTC v. Nat'l Bus. Consultants, Inc.*, No. 08-30320, 2008 WL 5068620, at *2 (5th Cir. Dec. 1, 2008)). "In fact, 'there is a strong presumption that the lodestar figure is reasonable,' *Perdue v. Kenny A. ex rel. Winn*, 559 U.S. 542, 554 (2010), and the . . . court commits no error so long as the court 'sufficiently considered the appropriate criteria.'" *Id.* (citing *Serna v. Law Office of Joseph Onwuteaka, P.C.*, 614 F. App'x 146, 157 (5th Cir. 2015)) (internal quotation marks omitted).

Here, the transcript of the proceeding before the Bankruptcy Court demonstrates that the Bankruptcy Court heard testimony from the witnesses with respect to all of the *Johnson* factors: (1) the time and labor required, *see* Tr. of Nov. 20, 2019 Hr'g at 14:2-18, 16:19-17:14, 18:15-21:19, 24:1-2, 36:1-40:1; (2) the novelty and difficulty of the questions, *see id.* at 24:3-11; (3) the skill requisite to perform the legal service properly, *see id.* at 24:12-15; (4) the preclusion of other employment by the attorney due to acceptance of the case, *see id.* at 24:20-24; (5) the customary fee, *see id.* at 10:10-18, 12:6-12, 22:25-23:15, 24:25-25:2, 31:11-18; (6) whether the fee is fixed or contingent, *see id.* 25:3-5; (7) time limitations imposed by the client or the circumstances, *see id.* 25:6-19; (8) the amount involved and the results obtained, *see id.* at 25:20-25; (9) the experience, reputation, and ability of the attorneys, *see id.* at 8:17-10:9, 26:1-4, 29:15-31:10; (10) the "undesirability" of the case, *see id.* at 26:5-6; (11) the nature and length of the professional relationship with the client, *see id.* at 26:7-10; and (12) awards in similar cases, *see id.* at 26:11-17.

After considering the evidence presented and applying the *Johnson* factors, the Bankruptcy Court found that the attorney's fees and costs were reasonable, necessary, and appropriate, and that no downward adjustments were necessary. *Id.* at 54:13-58:13; Attorney's Fees Order, No. 17-30355-HDH-7 (Bankr. N.D. Dec. 12, 2019), 3, ECF No. 531. Based on the record, the Court finds that the Bankruptcy Court did not abuse its discretion in finding that the attorney's fees and costs incurred by Hillair were reasonable, necessary, and appropriate. Attorney's Fees Order, No. 17-30355-HDH-7 (Bankr. N.D. Dec. 12, 2019), ECF No. 531. To the extent VSP contests the Bankruptcy Court's legal conclusions that underlie its decision to enter the Attorney's Fees Order, the Court has conducted a *de novo* review of the relevant conclusions and affirms the Bankruptcy Court's legal conclusions for the reasons stated herein and in the record in this case.

### E.    *Lift Stay Reconsideration Order*

VSP argues that the Bankruptcy Court's denial of its Motion for Relief, in which VSP sought relief pursuant to Rules 60(b)(4) and 60(b)(6), should be reversed because (1) the Bankruptcy Court did not have subject matter jurisdiction to enter the Lift Stay Order, and (2) the Bankruptcy Court's interpretation of the Lift Stay Order resulted in the "deprivation of legal recourse" that constitutes extraordinary circumstances that justify relief. *See* Reply Br. of Appellant 24-25. The Court reviews the denial of a Rule 60(b)(4) motion *de novo* and the denial of Rule 60(b)(6) relief for abuse of discretion. *Callon Petroleum Co. v. Frontier Ins.*, 351 F.3d 204, 208-10 (5th Cir. 2003) (citations omitted). In applying the abuse of discretion standard, "[i]t is not enough that the granting of relief might have been permissible, or even warranted . . . ." *Diaz v. Stephens*, 731 F.3d 370, 374 (5th Cir. 2013) (citing *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 402 (5th Cir. 1981)) (internal quotation marks and alterations omitted).

Under Rule 60(b)(4), "the court may relieve a party . . . from a final judgment, order, or proceeding . . . [if] the judgment is void . . . ." FED. R. CIV. P. 60(b) & 60(b)(4). "A judgment is void under Rule 60(b)(4) if the court lacks jurisdiction over either the subject matter or the parties." *Lessin v. Kellogg Brown & Root*, No. H-05-1853, 2007 WL 9761654, at *1 (S.D. Tex. June 4, 2007) (citing *Hill v. McDermott, Inc.*, 827 F.2d 1040, 1043 (5th Cir. 1987)). After conducting a *de novo* review, the Court affirms the Bankruptcy Court's denial of the Motion for Relief for the reasons stated herein and for the reasons stated in the Lift Stay Reconsideration Order.

Under Rule 60(b)(6), "the court may relieve a party . . . from a final judgment, order, or proceeding . . . [for] any other reason that justifies relief." FED. R. CIV. P. 60(b) & 60(b)(6). Rule 60(b)(6) is a "catch-all provision, meant to encompass circumstances not covered by Rule 60(b)'s other enumerated provisions" and "will be granted only if extraordinary circumstances are present." *Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002) (citations omitted). The Court

finds that the Bankruptcy Court did not abuse its discretion in denying VSP relief under Rule 60(b)(6) for the reasons stated herein and in the Lift Stay Reconsideration Order. To the extent VSP contests the Bankruptcy Court's legal conclusions that underlie its decision to deny VSP relief under Rule 60(b)(6), the Court has conducted a *de novo* review of the relevant conclusions and affirms the Bankruptcy Court's legal conclusions for the reasons stated in the record in this case.

## V.      CONCLUSION

For the foregoing reasons, the Court finds the Bankruptcy Court committed no clear error with respect to its factual findings. Moreover, after a de novo review, the Court agrees with the Bankruptcy's Court's legal conclusions. Therefore, the Court **AFFIRMS** the (1) Order Granting in Part Emergency Motion of Hillair Capital Investments LP and Hillair Capital Management LLC for Order (I) Enforcing, and in Aid of, this Court's Prior Orders and (II) Granting Related Relief; (2) Order Denying Motion for Reconsideration of the Enforcement Order; (3) Order Granting in Part Emergency Motion of Hillair Capital Investments LP and Hillair Capital Management LLC for Order (I) Enforcing this Court's May 2, 2019 Order, (II) Sanctioning VSP Labs, Inc. for Willfully Ignoring and Violating the Same and (III) Granting Related Relief; (4) Order Denying VSP Labs, Inc.'s Motion for Relief from Automatic Stay Order Dated September 7, 2017; and (5) Order Awarding Fees Pursuant to Sanctions Order.

**SO ORDERED.**

SIGNED August 21, 2020.

**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**